UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUJAAHID F. HARRIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>O. VALLADOLID, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:23-cv-01502-JLT-EPG (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 29) |

　　　Plaintiff Mujaahid F. Harris is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. (ECF No. 1). Before the Court is Plaintiff's Motion for Appointment of Counsel. (ECF No. 29). Plaintiff cites several reasons why the Court should appoint him counsel, such as inability to afford counsel, the need to do significant research and investigation, hindered law library access, limited knowledge of the law, and the need to present evidence and cross-examine witnesses at trial. (*Id.* at 1).

　　　Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

1

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (citation and internal quotation marks omitted).

Upon review of the amended complaint and Plaintiff's other filings, the Court finds that the legal issues involved are not extremely complex, Plaintiff appears to have a sufficient grasp of his claims and the legal issues involved, and he can articulate those claims adequately. Further, it is too early to determine Plaintiff's likelihood of success on the merits or whether the case will proceed to trial. The case is currently in discovery and routine discovery matters do not indicate the presence of complex legal issues warranting a finding of exceptional circumstances in which the Court may request the voluntary assistance of counsel pursuant to § 1915(e)(1). *Rand*, 113 F.3d at 1525 (holding that while the appellant might have fared better with counsel during discovery, this is not the test).

Accordingly, the Court will deny Plaintiff's request for counsel without prejudice.

IT IS SO ORDERED.

Dated:   **January 14, 2025**                    /s/ Erica P. Grosjean
                                                 UNITED STATES MAGISTRATE JUDGE

2