UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUJAAHID HARRIS,<br><br>        Plaintiff,<br><br>    v.<br><br>VALLADOLID, et al.,<br><br>        Defendants. | 1:23-cv-01502-JLT-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS TO COMPEL DISCOVERY<br><br>(ECF Nos. 38, 43, 44, 45, 60, 61, and 66)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR AN EXTENSION OF THE NON-EXPERT DISCOVERY DEADLINE<br><br>(ECF No. 69) |

      Plaintiff Mujaahid F. Harris (Plaintiff) is proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed his initial complaint on October 23, 2023, and he filed a first amended complaint on February 2, 2024.  (ECF Nos. 1 and 8).  Plaintiff claims correctional officers did not follow the special cuffing procedure granted to him due to his physical impairments and forcibly cuffed Plaintiff with his arms behind his back on September 18, 2022.  (See ECF No. 8).  After screening, the Court determined that this case should proceed on Plaintiff's Eighth Amendment excessive force claims against Defendants Valladolid, Ramirez, Forbes, and Patrick and Plaintiff's Eighth Amendment failure to protect claims against Defendants Butler and Osmer.  (ECF No. 9).

Before the Court are seven discovery-related filings submitted by Plaintiff. (ECF No. 38, 43, 44, 45, 60, 61, 66).[1]  Upon review, Plaintiff's motions to compel discovery are denied.

Additionally, the Court denies Plaintiff's request for an extension to the non-expert discovery deadline. (ECF No. 69).

## I.  BACKGROUND

On January 7, 2025, the Court ordered the parties to exchange documents. (ECF No. 28). The parties were ordered to produce, among other documents, video recordings and photographs related to the alleged incidents, and the Court ordered that if Plaintiff is not allowed to possess or is unable to play video recordings, "defense counsel shall work with staff at Plaintiff's institution of confinement to ensure that Plaintiff is able to view the video recording(s)." (ECF no. 28, at p. 3 n. 6).

On March 20, 2025, Defendants filed a notice of compliance and objections to certain documents. (ECF No. 34).

The Court partially overruled Defendants' objections and ordered additional disclosures on June 4, 2025. (ECF No. 51).

On July 7, 2025, Defendants filed a notice of compliance with the Court's order. (ECF No. 59).

## II.  PLAINTIFF'S DISCOVERY MOTIONS

On March 31, 2025, Plaintiff filed his first motion to compel discovery, which asks for an order compelling Defendants to provide a response to his first set of requests for the production of documents. (ECF No. 38). Plaintiff states he mailed a copy of the discovery requests on January 9, 2025, but he had not received a response as of the date of filing his motion.

Defendants filed an opposition to Plaintiff's first motion to compel discovery on April 16, 2025. (ECF No. 40). Defendants' counsel, Brian S. Chan, states that a clerical error caused Plaintiff's discovery requests to be scanned together with Plaintiff's motion for appointment of

---

[1] While some of these documents are not labelled as motions to compel, they include Plaintiff's requests to compel Defendants to provide discovery.

2

1  counsel.  (*Id*. at p. 5, Chan Decl. ¶ 3).  Counsel states he prepared Defendants' responses to be
2  served on April 17, 2025.  (*Id.* ¶ 4).

3        On May 1, 2025, Plaintiff filed a "request for motion to compel to be granted and
4  opposition to Defendants' opposition to Plaintiff's motion to compel," where he argues
5  Defendants' actions were not inadvertent or a mistake.  (ECF No. 43).

6        On May 1, 2025, Plaintiff also filed a notice of Defendants' non-compliance with Court
7  order to exchange documents.  (ECF No. 44).  Plaintiff states Defendants failed to provide
8  video recordings and photographs related to the incident as required by the Court's discovery
9  order.

10       On May 5, 2025, Plaintiff filed a "response to Defendants' response to Plaintiff's first
11 set of requests for production of documents and the declaration of P. Williams in support of
12 Defendants' privilege log."  (ECF No. 45).  Plaintiff argues that Defendants should be required
13 to produce excessive force incidents for Defendants Valladolid and Ramirez because the
14 documents are not confidential as stated in Defendants' objections.

15       On July 16, 2025, Plaintiff filed two duplicative motions to compel discovery. (ECF
16 Nos. 60 and 61).  Plaintiff seeks an order compelling Defendants to provide photos of all x-rays
17 taken of Plaintiff's left shoulder from December of 2020 until April of 2025 and a copy of the
18 software to be filed with the Court.  Plaintiff also seeks production of all audio and video
19 recordings from Defendants' body-worn cameras.

20       On July 31, 2025, Defendants filed an opposition to Plaintiff's motions to compel
21 discovery, arguing that Plaintiff's motion should be denied as moot because the x-rays have
22 now been provided to Plaintiff, and Defendants' counsel met with Plaintiff via video
23 conference to show Plaintiff the body-worn camera footage.  (ECF No. 64).  Defendants'
24 counsel states that he initially received Plaintiff's medical imaging records on three CDs that
25 required a proprietary software to view the images, and he determined it would not be feasible
26 to print out all the images.  (ECF No. 64, Chan Decl. ¶ 9).  Counsel subsequently determined
27 that the images could be printed, and he served all x-ray images Plaintiff requested on July 21,
28 2025.  (*Id.* ¶ 15).

Defendants' counsel states he inquired with the litigation office at California State Prison, Corcoran, and learned that the litigation office had been unable to schedule any viewings for Plaintiff due to a lack of necessary technological or staffing resources. (ECF No. 64, Chan Decl. ¶ 14). Counsel then scheduled and attended a video conference with Plaintiff to show Plaintiff the recordings from Defendants' body camera. (*Id.* ¶¶ 14-17). The conferences occurred on July 23, 2025, and July 28, 2025, and each conference lasted roughly two hours. (*Id.* ¶¶ 16-17).

> Defendants' counsel also stated the following:
> During the July 28, 2025 video conference, Plaintiff expressed to me that he believed longer versions of Officer Valladolid's and Officer Ramirez's body-worn camera footage exists. In response, my office has made inquiries with CSP-Corcoran Investigative Services Unit and with the Office of Internal Affairs to determine whether they are storing any additional footage. However, as of the date of this declaration, it is my understanding that my office's copies of Officer Valladolid's and Officer Ramirez's body-worn camera footage, which were played and replayed to Plaintiff on July 23 and July 28, are the only versions that were retained and stored by the California Department of Corrections and Rehabilitation.

(ECF No. 64-1, at p. 6).

On August 11, 2025, Plaintiff filed an "opposition to motion to compel." (ECF No. 65). Plaintiff argues that the footage shown to him by Defendants' counsel is missing a third of the footage, and he argues that it is a conflict of interest for Defendants' counsel to control the video and audio footage.

On August 14, 2025, Plaintiff filed a motion requesting to amend to his motion to compel discovery. (ECF No. 66). Plaintiff restates his objection to having Defendants' counsel facilitate Plaintiff's viewing of the video footage and restates his claim that the videos were missing a third of the footage.

On August 28, 2025, Plaintiff filed a Motion for an Extension to the Non-Expert Discovery Deadline. (ECF No. 69). Plaintiff asks for this extension in order for the defense to retrieve the one third footage and audio of the September 13, 2022 incident missing from the prison.

\\\

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 34(a) permits a party to issue requests for documents that are in the responding party's possession, custody, or control and "within the scope of Rule 26(b)." In turn, Rule 26(b)(1) provides as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Rule 37 permits "a party seeking discovery [to] move for an order compelling an answer, designation, production, or inspection," among other options, if "a party fails to produce documents . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv). "Broad discretion is vested in the trial court to permit or deny discovery . . .." *Sablan v. Dep't of Fin. of Com. of N. Mariana Islands*, 856 F.2d 1317, 1321 (9th Cir. 1988) (internal citation and quotation marks omitted).

### IV. ANALYSIS

Plaintiff's first discovery motion (ECF No. 38) is denied as moot. Defendants' counsel stated under penalty of perjury in his declaration that Defendants' failure to timely respond to Plaintiff's discovery requests was the result of inadvertence or mistake because the requests were scanned together with Plaintiff's previous motion for appointment of counsel. (*See* ECF No. 40, Chan Decl. ¶ 3). Further, counsel took steps to correct the error and served Defendants' responses to Plaintiff's requests. (*Id.* ¶ 4).

In Plaintiff's "response to Defendants' response to Plaintiff's first set of requests for production of documents" (ECF No. 45), Plaintiff argues that Defendants' objections to his request for excessive force incidents for Defendants Valladolid and Ramirez are inapplicable. However, Defendants, in addition to objecting to Plaintiff's request, replied that "Defendants

1 Valladolid and Ramirez have never been disciplined by CDCR for using excessive force and
2 have no documents to produce in response to this request." (ECF No. 40, Exhibit A at p. 2).  T

Plaintiff's motion to compel the images of x-rays of his shoulder is also denied as moot. Defendants state they served Plaintiff a copy of the x-rays on July 21, 2025.  (ECF No. 64, Chan Decl. ¶ 15).

Plaintiff's motions to compel production of the body worn footage (ECF No. 60, 61) are also denied as moot.  Defense counsel has now shown Plaintiff the recordings from Defendants' body camera.  (ECF No. 64-1).  Although counsel continues to explore options for Plaintiff's institution to replay the audio and video files in the future, Defendants have fulfilled their obligation to provide this information Plaintiff.  Given Plaintiff's incarcerated status, Plaintiff is not entitled to unlimited viewing of the footage, and Plaintiff's filings do not claim he has any immediate need to view those recordings again at this time.

Plaintiff's motion for an order compelling discovery, on the ground that defendants' attorney set up the viewing of the footage (ECF No. 66) is also denied.  There is nothing improper with defendants' attorneys facilitating Plaintiff's viewing of the footage, especially given defense counsel's representation that the Plaintiff's institution of confinement was unable to schedule any viewings for Plaintiff due to lack of necessary technological and/or staffing resources.  (ECF No. 64-1).  Plaintiff does not identify any way that defense counsel interfered with his viewing of the footage.

Plaintiff's motion to compel other footage of the incident (ECF No. 66) is also denied. Defense counsel has stated under penalty of perjury that he has attempted to determine if longer versions of Officer Valladolid's and Officer Ramirez's body worn camera footage exists, and determined that "my office's copies of Officer Valladolid's and Officer Ramirez's body-worn camera footage, which were played and replayed to Plaintiff on July 23 and July 28, are the only versions that were retained and stored by the California Department of Corrections and Rehabilitation."  (ECF No. 64-1).  Thus, Defendants have already produced all footage that is in their possession, custody and control.

Similarly, Plaintiff's Request for an Extension of the Non-expert discovery deadline (ECF No. 69) is denied. Plaintiff states that additional time is needed for defense to retrieve additional footage from the incident. However, defense counsel has stated under penalty of perjury that it already conducted a reasonable search and concluded that no additional footage exists.

## V. CONCLUSION AND ORDER

For the reasons given above, **IT IS ORDERED** as follows:

1. Plaintiff's motions to compel discovery (ECF Nos. 38, 43, 44, 45, 60, 61, 66) are **DENIED**.
2. Plaintiff's motion for an extension to the non-expert discovery deadline (ECF No. 69) is **DENIED**.

IT IS SO ORDERED.

Dated:   **August 29, 2025**              /s/ Erica P. Grosjean
                                          UNITED STATES MAGISTRATE JUDGE

7