UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUJAAHID HARRIS,<br><br>                 Plaintiff,<br><br>        v.<br><br>VALLADOLID, et al.,<br><br>                 Defendants. | 1:23-cv-01502-JLT-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND A TEMPORARY RESTRAINING ORDER BE DENIED<br><br>(ECF No. 42)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS |

Plaintiff Mujaahid F. Harris (Plaintiff) is proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed his initial complaint on October 23, 2023, and he filed a first amended complaint on February 2, 2024. (ECF Nos. 1 and 8). This case proceeds on Plaintiff's Eighth Amendment excessive force claims against Defendants Valladolid, Ramirez, Forbes, and Patrick and Plaintiff's Eighth Amendment failure to protect claim against Defendants Butler and Osmer related to an incident that took place on September 18, 2022. (ECF No. 9).

Before the Court is Plaintiff's motion for a preliminary injunction and temporary restraining order. (ECF No. 42). Plaintiff seeks an order requiring Defendants to provide all printed copies of x-rays of left shoulder from December 2020 to present; to reinstate all durable medical equipment and other accessories that was permanent (such as exercise band, wedge

1

1 pillow and shoe inserts); and to provide physical therapy through outside agency or transfer
2 Plaintiff immediately so as to be provided physical therapy at another prison. (ECF No. 42)
3      Upon review, the Court recommends that Plaintiff's motion for preliminary injunction
4 and temporary restraining order (ECF No. 42) be denied.

## I. SUMMARY OF PLAINTIFF'S FIRST AMENDED COMPLAINT

In his first amended complaint, Plaintiff alleges that on September 18, 2022, Defendant Valladolid "forced and wrenched" Plaintiff's arm behind his back in violation of a procedure for "special cuffing (waist chains)." (ECF No. 8, at p. 3). Plaintiff alleges he was holding his left harm to his chest while Defendants Valladolid and Defendant Ramirez were trying to wrench his arms apart. Plaintiff alleges Defendant Patrick was pressing on his lower back, and Defendant Forbes was pressing on his upper back and neck. Plaintiff alleges he was yelling that he cannot put his arms behind him because of a shoulder impairment. Plaintiff alleges he pleaded with Defendant Butler and Defendant Osmer to intervene. Plaintiff alleges he believed that the special cuffing procedure would be followed because Defendant Butler instructed someone to get the chains, but Plaintiff's arms were still wrenched behind his back.

## II. PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

### A. Plaintiff's Motion and Declaration

On April 29, 2025, Plaintiff filed a motion for temporary restraining order and preliminary injunction. (ECF No. 42). Plaintiff seeks an order requiring Defendants to provide "all printed copies of x-rays of left shoulder from December 2020 to Present, to reinstate all durable medical equipment and other accessories that was permanent (such as exercise band, wedge pillow and shoe inserts) and provide physical therapy through outside agency or transfer Plaintiff immediately so as to be provided need physical therapy at another prison." (*Id*. at pp. 1-2).

In support of his motion, Plaintiff submits his own declaration. Plaintiff states that "on September 13, 2022, my rotator cuff was completely torn as a result of being cuffed up in back against a 'permanent special cuffing.'" (ECF No. 42, at pp. 3-4). Plaintiff recites his

1  subsequent medical history and states the institution scheduled him for surgery to remove the
2  prosthesis in June of 2023, he had his shoulder dislocated by a physical therapist in November
3  of 2023, had the prosthetic removed on January 16, 2025. (*Id*. at p. 4).

4        Plaintiff states, "I am being denied physical therapy because I am refusing to be treated
5  by the physical therapist who dislocated my arm while treating me. I am not refusing
6  treatment." (ECF No 42, at p. 5). He continues, "I have submitted several request for medical
7  documents (photo copies of the x-ray images) for personal and legal reasons and I am being
8  denied the right to receive these documents." (*Id*.) Plaintiff states, "Upon my return from
9  having the prosthetic removed, all of my durable medical equipment (permanent) and other
10 medical equipment (permanent) were removed. The prison doctor claimed he had to re-input
11 the information. However, the exercise band, wedge pillow and shoe inserts were denied."
12 (*Id*.)

13       Plaintiff contends the irreparably injury "will be the ongoing violation of my
14 constitutional rights, more damage being done to left shoulder by not providing physical
15 therapy, retaliation due to continuous paper work I am forced to submit." (ECF No. 42, at p.
16 6).

17       **B. Defendants' Opposition**
18       On May 20, 2025, Defendants filed an opposition to Plaintiff's motion for a preliminary
19 injunction and temporary restraining order. (ECF Nos. 48 and 49). Defendants argue that
20 Plaintiff's request for injunction for his medical x-rays is an effort to obtain discovery.
21 Defendants also argue that Plaintiff's request for an injunction for his durable medical
22 equipment and physical therapy is outside of the scope of Plaintiff's claims and outside of the
23 jurisdiction of the Court. Defendants argue that the named defendants in this case do not have
24 authority to reissue durable medical equipment, change Plaintiff's physical therapy, or transfer
25 Plaintiff to a different institution.

26       **C. Plaintiff's Reply**
27       On June 5, 2025, Plaintiff filed a reply. (ECF No. 54). Plaintiff argues that the
28 injunctive relief he seeks "has a nexus to Plaintiff's excessive force claim against defendants.

Every cause has and produces an effect." (*Id*. at p. 1). Plaintiff argues that without the alleged excessive force incident, he would not have had to go to physical therapy and had his shoulder dislocated again. Plaintiff argues that without the excessive force incident he would not have been hospitalized for his shoulder or had his durable medical equipment taken away.

### III.   LEGAL STANDARD

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, 576 U.S. 863, 876 (2015) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)); *see also Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.,* 240 F.3d 832, 839 n.7 (9th Cir. 2001) (standards and analysis for temporary restraining order and a preliminary injunction are "substantially identical"). "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter,* 555 U.S. at 24.

The Ninth Circuit has held that "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint. This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself." *Pacific Radiation Oncology, LLC v. Queen's Medical Center,* 810 F.3d 631, 636 (9th Cir. 2015). A sufficient nexus "exists where the preliminary injunction would grant 'relief of the same character as that which may be granted finally.' Absent that relationship or nexus, the district court lacks authority to grant the relief requested." *Id.* (quoting *De Beers Consol. Mines v. United States*, 325 U.S. 212, 217 (1945)).

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find that the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the least intrusive means necessary to correct the violation of the Federal Right."

### IV.   ANALYSIS

The Court recommends that Plaintiff's motion for a preliminary injunction and

temporary restraining order be denied.  Plaintiff's motion seeks relief that is outside the scope of this case, and Plaintiff has not established any of the requirements for the issuance of an injunction.

As a preliminary matter, Plaintiff's request for an injunction for the printed copies of the x-ray of his shoulder is moot.  In another filing, Defendants state they served Plaintiff a copy of the x-rays on July 21, 2025.  (ECF No. 64, Chan Decl. ¶ 15).

Plaintiff's requests for an injunction "to reinstate all durable medical equipment and other accessories that was permanent (such as exercise band, wedge pillow and shoe inserts) and provide physical therapy through outside agency or transfer Plaintiff immediately so as to be provided need physical therapy at another prison" (ECF No. 42, at pp. 1-2), are outside of the scope of the present case.  Plaintiff proceeds on an excessive force claim related to an incident in September, 2022. There are no claims in this case related to medical equipment, physical therapy, or any medical treatment.

Plaintiff's primary argument is that without Defendants' actions, none of the subsequent medical complications would have occurred.  However, this not the test for a preliminary injunction.  As described above, a preliminary injunction must request that the Court grant relief of the same character as that which may be granted finally.  In this case, Plaintiff is not seeking, and could not obtain, relief related to his medical equipment or physical therapy in this case.  Nor are defendants responsible for providing such equipment and care. Thus, there is not a sufficient nexus between the claims in the case and Plaintiff's request for preliminary injunction.

Moreover, Plaintiff provides no evidence to demonstrate he is likely to succeed on the merits of his case, or that he is entitled to extraordinary relief here.

## V.   CONCLUSION AND RECOMMENDATION

Accordingly, IT IS RECOMMENDED that:

1. Plaintiff's motion for preliminary injunction and temporary restraining order (ECF No. 42) be DENIED.

These findings and recommendations are submitted to the United States District Judge

5

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any objections shall be limited to no more than fifteen pages, including exhibits. Any reply to the objections shall be served and filed within fourteen days after service of the objections.

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **September 10, 2025**          /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE