UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MUJAAHID HARRIS,

                    Plaintiff,

        v.

VALLADOLID, *et al.*,

                    Defendants.

Case No. 1:23-cv-01502-KES-EPG (PC)

ORDER DENYING DEFENDANTS' MOTION TO COMPEL

(ECF No. 73)

Plaintiff Mujaahid F. Harris (Plaintiff) is proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This case proceeds on Plaintiff's Eighth Amendment excessive force claims against Defendants Valladolid, Ramirez, Forbes, and Patrick and Plaintiff's Eighth Amendment failure to protect claim against Defendants Butler and Osmer related to an incident that took place on September 18, 2022.  (ECF No. 9).

Before the Court is Defendants' motion to compel Plaintiff to produce documents. Defendants argue that Plaintiff failed to produce the documents that he intends to use to support his claims.

For the reasons explained below, the Court will deny Defendants' motion to compel.

\\\

\\\

\\\

\\\

1

## I.   BACKGROUND

### A. Plaintiff's Claims

This case proceeds on Plaintiff's First Amended Complaint filed on February 2, 2024. (ECF No. 8).  Plaintiff claims that he has permanent shoulder damage from Defendants' failure to follow Plaintiff's "special cuffing" requirement during an incident on September 13, 2022.  (*Id*. at 3).

Following the Court's Screening Order, Plaintiff proceeds on Eighth Amendment excessive force claims against Defendants Valladolid, Ramirez, Forbes, and Patrick and Eighth Amendment failure to protect claims against Defendants Butler and Osmer.  (ECF No. 9 at 9).

### B. Defendants' Motion to Compel

On September 9, 2025, Defendants Ramirez, Valladolid, Forbes, Osmer, Patrick, and Butler moved to compel Plaintiff to produce certain documents and information that Plaintiff failed to produce during his August 13, 2025, deposition. (ECF No. 73).  Defendants argue that Plaintiff has not produced any documents in response to the Court's January 7, 2025 order directing both Plaintiff and Defendants to exchange initial documents. (ECF No. 28). Additionally, Plaintiff failed to comply with the deposition notice, which required Plaintiff to produce documents supporting allegations in the lawsuit.

Specifically, on January 24, 2025, Defendants served Plaintiff with a notice informing him that his deposition would be taken by Defendants on August 8, 2025 and demanding that Plaintiff produce the following documents for inspection and copying:
> (1) All documents that support your allegations against Defendants in this lawsuit;
> (2) All written statements that you have received from any person regarding the issues that you claim are the subject matter of this lawsuit;
> (3) All documents you intend to use at trial; and
> (4) All documents you were ordered to produce to Defendants in the Court's January 7, 2025 Order (ECF No. 28).

*(Id.)* Plaintiff's deposition was rescheduled to August 13, 2025, due to a scheduling conflict and amended notice of the deposition and request were provided to Plaintiff. (*Id.*).

During the deposition, Plaintiff informed Defendants' counsel that he did not bring any documents as requested because he believed Defendnats were already in possession of these responsive documents. (*Id.* at 2-3). Toward the end of the deposition, Plaintiff agreed to identify

responsive medical documents and would produce that information to Defendants within two weeks. (*Id.* at 5).

On August 17, 2025, Plaintiff sent Defendants a document that listed documents and categories of documents he intends to use in the case, which included the following:

> 1. 3.35.3032 Diagnostic Radiology Imaging MRI ordered by Vanieda White at Tracy (DVI).
> 2. 2.22.2022; 5.11.2022; 8.24.2022 Order Requesting Surgery. Dr. Savitha Sinkara P&S ordered the first, the next two orders was by Dr. Gourco [sp] Aggorwal. They were denied.
> 3. 11.22.2022 RUHS, Second Opinion Dr. Ryan Quinn; Bret Powers.
> 4. 12.2.2022 Request for Surgery.
> 5. Mental Health Contact order 9/28/2022 to be seen once every week for 3 months. Action personnels: Michel Bean; Thomas Burket; Elaine Hill and Patience Agyemon.
> 6. 2.24.2022 incorrect order by Dr. Aggorwal.
> 7. Follow-ups after 2/17/2023 Telemd; 3/3/2023; 4/3/2023; 4/25/2023; and 6/9/2023.
> 8. 2.9.2022 x-ray.
> 9. RAP meeting dates (Reasonable Accommodation Panel) 5/12/2022 and 9/29/2025.
> 10. Healthcare grievances 2100165 and 22001437.
> 11. Healthcare Services Memorandum dated 12.5.2022 addressed to Patrick Booth, Prison Law Office.
> 12. One of the Inmate Witness to the Crime Against Plaintiff on 9/13/2022 Last Name is "Aimes"
> 13. The video footage of 9.13.2022 incident is missing the beginning 1 minute and approximately 30 seconds that was shown to Plaintiff by the Defendants Attorney.
> 14. Plaintiff is requesting the complete footage of the incident be shown to him.

(Chan Decl. Ex. D.)  However, Defendants argue that this list is not specific enough to allow Defendants to identify all the documents Plaintiff intends to use to support his case.

Accordingly, Defendants argue the Court should order production of copies of all documents that are responsive to Defendants Request for Production Nos. 1 through 4, or in the alternative, the Court should order Plaintiff to identify the documents with greater specificity and detail to enable Defendants to locate those documents. (*Id.* at 14-15).

\\\

\\\

### C. Plaintiff's Opposition

Plaintiff filed an opposition to Defendants' motion on October 14, 2025. (ECF No. 75). Generally, Plaintiff argues that he does not need to produce any documents that were provided to him by Defendants, nor does Plaintiff need to provide documents which Defendants "were instructed to get from the institution." (*Id.* at 2). Furthermore, Plaintiff argues "he is under no obligation to provide what he may or may not use of the material that the defense produced or whats [sic] in his medical records." (*Id.*).  Finally, Plaintiff argues he intends to use every document in his medical file that pertains to his left shoulder. (*Id.* at 3).

### D. Defendants' Reply

On October 28, 2025, Defendants filed a reply to Plaintiff's opposition. (ECF No. 78). Defendants argue that while Plaintiff is correct and he does not need to produce any documents that he has already produced or that were provided to him by Defendants, Plaintiff has failed to either object or respond to Defendants' request for him to produce documents for inspection and copying at his deposition. (*Id.* at 1). Further, Defendants argue that Plaintiff has not clearly identified every document responsive to Defendants' request, nor has he provided a sufficiently detailed description to enable Defendants to locate the documents on their own. (*Id.* at 3).

## II.   LEGAL STANDARDS

Rule 26(b)(1) provides as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Under Rule 37 of the Federal Rules of Civil Procedure, "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection," including if "a party fails to answer an interrogatory submitted under Rule 33." Fed. R. Civ. P. 37(a)(3)(B)(iii). The Court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4).

Lastly, the Court notes that it has broad discretion to manage discovery. *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir.2012) (noting district courts broad discretion in managing discovery and controlling the course of litigation).

### III.   ANALYSIS

Upon consideration, the Court will deny Defendants' motion to compel because it finds that Defendants have already obtained the relevant documents through Plaintiff's institution of confinement, and Plaintiff has sufficiently identified the documents he believes support his claims.

Plaintiff has represented that he only intends to rely on documents that Defendants have produced or possess from Plaintiff's institutional file, specifically including the medical records regarding his shoulder.  He has also provided a list of 14 specific categories of documents.

Defendants concede that they already obtained these documents through Plaintiff's institution of confinement, but argue that Plaintiff was nevertheless obligated to bring additional copies of each document to his deposition.  However, the Court finds that Plaintiff's description of the documents, during the deposition and in correspondence after the deposition, is sufficient to allow Defendants to understand Plaintiff's contentions and prepare their defense.  Plaintiff's claims are not complex--they relate to a single incident and the injuries to Plaintiff's shoulder following that date.  Defendants should be able to locate documents regarding the incident and that injury from Plaintiff's file based on the information they have.  If Defendants have questions about a specific category of documents, they can also contact Plaintiff to request more information.

Moreover, Defendants' request that Plaintiff bring copies of specific documents to the deposition or mail them to defense counsel ignores the reality that Plaintiff is confined in prison, with limited resources and access to copying facilities.  Because Defendants have a much greater ability to access Plaintiff's file and copy documents, they could have brought Plaintiff's file, or portions of that file, to the deposition and used those copies to question Plaintiff.

Under the circumstances, and given Plaintiff's disclosures, the Court will deny Defendants' motion to compel.

\\\

## IV.  CONCLUSION AND ORDER

Accordingly, IT IS ORDERED as follows:

1.  Defendants' motion to compel is **DENIED**. (ECF No. 73).


IT IS SO ORDERED.


Dated:   **February 2, 2026**                    /s/ *Erin P. Groj*
                                          UNITED STATES MAGISTRATE JUDGE

6