**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MUJAAHID F. HARRIS,<br><br>          Plaintiff,<br><br>v.<br><br>O. VALLADOLID, et al.,<br><br>          Defendants. | Case No. 1:23-cv-01502 JLT EPG<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING MOTION FOR SUMMARY JUDGMENT<br><br>(Docs. 39, 88) |

Mujaahid F. Harris is proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. Defendants Ramirez, Forbes, Patrick, Butler, and Osmer (the Correctional Officer Defendants) move for summary judgment. (Doc. 39.)  They argue that Harris did not exhaust his administrative remedies within the prison system before filing this lawsuit, as required by the Prison Litigation Reform Act. (*Id.*)  They acknowledge that Harris pursued a prison grievance about the incident at the center of his lawsuit, but they contend his grievance did not suffice under the PLRA because it did not identify each of the defendants by name, nor accuse each of them of wrongdoing. (*See id.* at 10–14.)  They acknowledge that the grievance did identify one defendant in this action, Officer Valladolid, and accuse him of using excessive force. (*Id.* at 10–11.)

The assigned magistrate judge entered findings and recommendations, recommending that the motion be denied. (Doc. 88).  The Correctional Officer Defendants objected (Doc. 89), and

Harris responded (Doc. 91).  The Court has reviewed the matter de novo.

The Court agrees with the Magistrate Judge that Harris's grievance "put prison officials on notice of the nature of the wrong alleged in his federal suit." *Reyes v. Smith*, 810 F.3d 654, 659 (9th Cir. 2016).  It identified one of the officers by name, claimed that he had used excessive and malicious force, alleged that other unknown officers had helped him by using similar force, and alleged that yet another group of unknown officers had looked on without intervening.  (Doc. 88 at 7–8.)  These allegations put prison officials on notice that Harris was pursuing claims against all the officers he described based on excessive force or a failure to intervene.  The law did not require him to put each of the Correctional Officer Defendants on "personal notice." *Reyes*, 810 F.3d at 659 (quoting *Jones v. Bock*, 549 U.S. 199, 219 (2007)).  His grievance sufficed because it alerted "prison officials to a problem." *Id.* (quoting *Jones*, 549 U.S. at 219).  The Court adopts the Findings and Recommendations in full. Accordingly, the Court **ORDERS**:

1. The findings and recommendations (Doc. 88) are **ADOPTED.**

2. The motion for summary judgment (Doc. 39) is **DENIED**.

3. This matter is referred to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:    **February 28, 2026**

_____
UNITED STATES DISTRICT JUDGE

2