UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUJAAHID F. HARRIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>O. VALLADOLID, et al.,<br><br>　　　　Defendants. | Case No.: 1:23-cv-01502 JLT EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DENY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>(Docs. 79, 94) |

Plaintiff seeks to hold defendants liable for violations of his civil rights. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. The magistrate judge issued findings and recommendations to deny Defendants' summary judgment motion. (Doc. 94.) Defendants objected to the findings and recommendations (Doc. 95) and plaintiff responded to defendants' objections (Doc. 96). The Court has renewed the matter de novo.

The Findings and Recommendations are supported by the record and proper analysis. When the evidence is taken in the light most favorable to plaintiff, as it must be at this stage, it would permit a reasonable jury to decide that the defendant officers acted maliciously and failed to intervene in violation of the Eighth Amendment. (Doc. 94 at 18–19); *see also Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992) (discussing relevant legal standards); *Whitley v. Albers*, 475 U.S. 312, 320–21 (1986) (same); *Bearchild v. Cobban*, 947 F.3d 1130, 1140–41 (9th Cir. 2020) (same).

The officers rely heavily on the argument that their actions were a constitutional attempt to secure plaintiff's compliance with their orders. (*See, e.g.*, Doc. 95 at 4.) They argue similarly that his refusal to comply created an "emergency" that justified additional force. (*See id.*) These arguments assume their own conclusions. Plaintiff is exempted from behind-the-back handcuffing because of a previous injury. That much is undisputed. And yet, in the officers' telling, plaintiff's reliance on this exemption is both the reason they were justified in forcing his hands behind his back and the source of the "emergency" that justifies their decision to force his hands behind his back. (*See id.* at 3–5.)

In any event, a jury could reasonably find that plaintiff was exempt from behind-the-back handcuffing; that he told the officers about this exemption; that there was no reason for them to disbelieve him; that he refused to put his hands at his sides or behind his back because he was physically unable to do so; and that the officers nevertheless demanded his compliance and forced him to comply, exacerbating his injury. (*See* Doc. 94 at 18–19.) A jury could also reasonably decide that the officers had plaintiff firmly under their control, such that there was no "emergency." He was prone on the ground, where several officers were holding him. (*See id.* at 18.) It would be reasonable to find that he posed no danger to anyone. (*See id.*) These findings would permit a reasonable jury to find that the defendants violated the Eighth Amendment by acting maliciously and with an intent to cause harm and not in a good faith attempt to maintain order.

The magistrate judge correctly recommends denying summary judgment despite the officers' assertion of qualified immunity as well. The Court must take the evidence in the light most favorable to plaintiff, including when it determines whether the relevant law was clearly established. *Tolan v. Cotton*, 572 U.S. 650, 656–57 (2014); *Martinez v. Stanford*, 323 F.3d 1178, 1184 (9th Cir. 2003). Taking the evidence in that light would show the officers acted maliciously and intended to harm plaintiff by forcing his hands behind his back, as summarized above. "Since 1992, the legal standard articulated in *Hudson* has provided officers with ample notice that malicious or sadistic use of force is unlawful." *Alexander v. Perez*, 124 F. App'x 525, 526 (9th Cir. 2005) (unpublished) (citing 503 U.S. 1); *see also, e.g.*, *Perez v. Cox*, 788 F. App'x 438, 444

2

(9th Cir. 2019) (unpublished) (same); *Fugawa v. Dearmond*, 718 F. App'x 550, 551 (9th Cir. 2018) (unpublished) (same); *Covington v. Fairman*, 123 F. App'x 738, 741 (9th Cir. 2004) (unpublished) (same); *Martinez*, 323 F.3d at 1183 (same); *see also Hoard v. Hartman*, 904 F.3d 780, 790 (9th Cir. 2018) (colleting authority). The "gratuitous infliction of punishment is unconstitutional, even in the prison context." *Hope v. Pelzer*, 536 U.S. 730, 748 (2002). That is true "even in novel factual circumstances." *Id.* at 741. An officer is not entitled to qualified immunity at summary judgment if, under a reasonable interpretation of the evidence, "any reasonable officer should have realized that [his actions] offended the Constitution." *Taylor v. Riojas*, 592 U.S. 7, 9 (2020) (per curiam). That would be the situation here, assuming a jury accepted plaintiff's version of the events.

The officers are of course entitled to an opportunity to prove that they acted reasonably and that plaintiff is not to be trusted, but they must do this at trial. *See, e.g.*, *Weldeyohannes v. Washington*, 162 F.4th 972, 978–79 (9th Cir. 2025) (reversing grant of qualified immunity in prison use-of-force dispute "because factual disputes remain about the [defendants'] conduct that may impact whether the unlawfulness was clearly established at the time" (citation and quotation marks omitted)).

Accordingly, the Court **ORDERS**:

1. The Findings and Recommendations issued April 17, 2026 (Doc. 94) are **ADOPTED** in full.

2. Defendants' motion for summary judgment (Doc. 79) is **DENIED**.

3. This matter is referred back to the assigned magistrate judge.

IT IS SO ORDERED.

Dated:  July 10, 2026

UNITED STATES DISTRICT JUDGE

3